UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LANCE DAVID, et al., | No. 2:25-cv-00534-DC-SCR |
| Plaintiffs, | |
| v. | ORDER DENYING MOTION FOR APPOINTMENT AS GUARDIAN *AD LITEM* WITHOUT PREJUDICE |
| COUNTY OF STANISLAUS, et al., | |
| Defendants. | (Doc. No. 5) |

The matter is before the court on Plaintiff Lance David's motion for appointment as guardian *ad litem* for minor Plaintiffs B.N., M.N., and L.N. (Doc. No. 5.) No opposition to the pending motion has been filed.

"District courts have a special duty, derived from Federal Rule of Civil Procedure 17(c), to safeguard the interests of litigants who are minors." *Robidoux v. Rosengren*, 638 F.3d 1177, 1181 (9th Cir. 2011). To that end, Rule 17 provides that "[t]he court must appoint a guardian *ad litem*—or issue another appropriate order—to protect a minor or incompetent person who is unrepresented in an action." Fed. R. Civ. P. 17(c)(2).

The appointment of the guardian *ad litem* is more than a mere formality. *United States v. 30.64 Acres of Land, More or Less, Situated in Klickitat Cnty., State of Wash.*, 795 F.2d 796, 805 (9th Cir. 1986). A court shall take whatever measures it deems appropriate to protect the interests of the individual during the litigation. *Id*. The guardian need not possess special qualifications,

but he must "be truly dedicated to the best interests of the person on whose behalf he seeks to litigate." *AT&T Mobility, LLC v. Yeager*, 143 F. Supp. 3d 1042, 1054 (E.D. Cal. 2015) (quoting *Whitmore v. Arkansas*, 495 U.S. 149, 163-64 (1990)).

In this district, Local Rule 202(a) further provides, in pertinent part:

> Upon commencement of an action or upon initial appearance in defense of an action by or on behalf of a minor . . . the attorney representing the minor or incompetent person shall present . . . a motion for the appointment of a guardian *ad litem* by the Court, or . . . a showing satisfactory to the Court that no such appointment is necessary to ensure adequate representation of the minor or incompetent person.

L.R. 202(a) (citing Fed. R. Civ. P. 17(c)). Local Rule 202 also requires disclosure of the attorney's interest, specifically requiring the following:

> When the minor or incompetent is represented by an attorney, it shall be disclosed to the Court by whom and the terms under which the attorney was employed; whether the attorney became involved in the application at the instance of the party against whom the causes of action are asserted, directly or indirectly; whether the attorney stands in any relationship to that party; and whether the attorney has received or expects to receive any compensation, from whom, and the amount.

L.R. 202(c).

Here, Plaintiffs' counsel has not provided the disclosure of attorney's interest as required by Local Rule 202(c). For this reason, the court will deny Plaintiff Lance David's motion for appointment as guardian *ad litem* without prejudice to his re-filing a revised motion or notice that complies with the requirements of Local Rule 202(c).

Accordingly:

1. Plaintiff Lance David's motion for appointment as guardian *ad litem* for minor Plaintiffs B.N., M.N., and L.N. (Doc. No. 5) is DENIED, without prejudice, due to noncompliance with the requirements of Local Rule 202(c); and

/////

/////

/////

/////

2

2.   Plaintiff Lance David shall file a renewed motion or revised notice that complies with Local Rule 202(c) within fourteen (14) days from the date of entry of this order.

IT IS SO ORDERED.

Dated:   **March 19, 2025**

Dena Coggins
United States District Judge

3