UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LANCE DAVID, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>COUNTY OF STANISLAUS, et al.,<br><br>Defendants. | No. 2:25-cv-00534-DC-SCR<br><br>ORDER GRANTING MOTION FOR APPOINTMENT OF LANCE DAVID AS GUARDIAN *AD LITEM* FOR PLAINTIFFS B.M., M.N., AND L.N.<br><br>(Doc. No.) |

On February 18, 2025, Plaintiff Lance David filed a motion for appointment as guardian *ad litem* for minor Plaintiffs B.N., M.N., and L.N. in this case. (Doc. No. 5.) The court denied that motion without prejudice on March 20, 2025, because the motion did not comply with the requirements of Local Rule 202(c). (Doc. No. 8.) On March 25, 2025, Plaintiff Lance David filed a renewed for appointment as guardian *ad litem* for minor Plaintiffs B.N., M.N., and L.N., and concurrently filed a declaration of Plaintiffs' counsel, Attorney Michael A. Slater, as well as a declaration of Plaintiff Lance David. (Doc. No. 9.) Pursuant to Local Rule 230(g), the pending motion is taken under submission to be decided on the papers. For the reasons explained below, the court will grant the renewed motion and appoint Plaintiff Lance David as guardian *ad litem* for minor Plaintiffs B.N., M.N., and L.N. in this case.

Under Rule 17 of the Federal Rules of Civil Procedure, "[a] minor or an incompetent person who does not have a duly appointed representative may sue by a next friend or by a

1

guardian *ad litem*." "The court must appoint a guardian *ad litem*—or issue another appropriate order—to protect a minor or incompetent person who is unrepresented in an action." Fed. R. Civ. P. 17(c)(2). A representative of a minor or incompetent person may sue or defend on behalf of the minor or incompetent person. Fed. R. Civ. P. 17(c).

The appointment of the guardian *ad litem* is more than a mere formality. *United States v. 30.64 Acres of Land, More or Less, Situated in Klickitat Cnty., State of Wash.*, 795 F.2d 796, 805 (9th Cir. 1986). A court shall take whatever measures it deems appropriate to protect the interests of the individual during the litigation. *Id*. The guardian need not possess special qualifications, but he must "be truly dedicated to the best interests of the person on whose behalf he seeks to litigate." *AT&T Mobility, LLC v. Yeager*, 143 F. Supp. 3d 1042, 1054 (E.D. Cal. 2015) (quoting *Whitmore v. Arkansas*, 495 U.S. 149, 163-64 (1990)).

In this district, Local Rule 202(a) further provides, in pertinent part:

> Upon commencement of an action or upon initial appearance in defense of an action by or on behalf of a minor . . . the attorney representing the minor or incompetent person shall present . . . a motion for the appointment of a guardian *ad litem* by the Court, or . . . a showing satisfactory to the Court that no such appointment is necessary to ensure adequate representation of the minor or incompetent person.

L.R. 202(a) (citing Fed. R. Civ. P. 17(c)). Local Rule 202 also requires disclosure of the attorney's interest, specifically requiring the following:

> When the minor or incompetent is represented by an attorney, it shall be disclosed to the Court by whom and the terms under which the attorney was employed; whether the attorney became involved in the application at the instance of the party against whom the causes of action are asserted, directly or indirectly; whether the attorney stands in any relationship to that party; and whether the attorney has received or expects to receive any compensation, from whom, and the amount.

L.R. 202(c).

The decision to appoint a guardian *ad litem* "must normally be left to the sound discretion of the trial court." *30.64 Acres of Land*, 795 F.2d at 804.

Here, Plaintiff Lance David represents that he is the biological father and caretaker of minor Plaintiffs B.N., M.N., and L.N., who live with him in Stockton. (Doc. No. 9-1 at ¶ 1.)

Plaintiff Lance David also represents that he is willing to serve as the guardian *ad litem* for minor Plaintiffs B.N., M.N., and L.N. in this case, and that he "is fully competent to understand and protect [their] rights." (*Id.* at ¶ 2.) Based on these representations, and a review of the operative complaint, the court finds Plaintiff Lance David has no conflict of interest with minor Plaintiffs B.N., M.N., and L.N. *See J.M. v. Liberty Union High Sch. Dist.*, No. 16-cv-05225-LB, 2016 WL 4942999, at *2 (N.D. Cal. Sep. 16, 2024) ("Generally, when a minor is represented by a parent who is a party to the lawsuit and who has the same interests as the child there is no inherent conflict of interest."). Thus, the court finds Plaintiff Lance David to be an appropriate guardian *ad litem* for minor Plaintiffs B.N., M.N., and L.N., and that the requirements of Local Rule 202(a) have been satisfied.

The court also finds the motion satisfies the requirements of Local Rule 202(c). In a declaration filed in support of the pending motion, Plaintiffs' counsel Michael A. Slater declares that his law firm Pointer & Buelna, LLP, was retained by Plaintiff Lance David to represent Plaintiffs in this case. (Doc. No. 9-2 at ¶ 1.) Attorney Slater represents the engagement of his law firm is on a pure contingency fee basis, and he asserts that they "expect only to receive compensation for [their] work in this matter in the form a contingency fee from any amounts recovered for Plaintiffs, to the extent any amounts are recovered." (*Id.* at ¶ 4.) Attorney Slater further clarifies that "[n]either [he] nor attorneys Adante Pointer nor Patrick Buelna, nor anyone else at the of the Pointer & Buelna, LLP law firm, became involved in the lawsuit at the instance" of Defendants, and that they do not "stand in any relationship to" Defendants." (*Id.* at ¶¶ 2–3.)

For these reasons, Plaintiff Lance David's renewed motion for the appointment as guardian *ad litem* for minor Plaintiffs B.N., M.N., and L.N. will be granted.

Accordingly:

1. The renewed motion for the appointment of Plaintiff Lance David as guardian *ad litem* for minor Plaintiffs B.N., M.N., and L.N. (Doc. No. 9) is GRANTED; and

/////

/////

/////

3

2. Plaintiff Lance David is appointed to act as guardian *ad litem* for minor Plaintiffs B.N., M.N., and L.N., and is authorized to prosecute the action on their behalf.

IT IS SO ORDERED.

Dated: **April 3, 2025**

_____
Dena Coggins
United States District Judge